Steven HALSE and Melissa Halse, Individually, and as Parents and Natural Guardians of Haley Halse and Lauren Halse, Infants residing with, and under the care of Steven Halse and Melissa Halse, Plaintiffs,

v.

Marvin R. LeROY, Supervisor; John Pritchard, Roy Stockhard, Sanford Roth, and Linda Wolowit, Each a Councilperson of the Town Board of Clifton Park; and The Town of Clifton Park, Defendants.

No. 98–CV–1519.

United States District Court,
N.D. New York.

May 17, 2000.

John F. Coffey, Ancram, New York, for plaintiffs.

Town Attorney for Town of Clifton Park, Clifton Park, NY (Paul Pelagallli, of counsel), for defendants.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

### I. *INTRODUCTION*

The plaintiffs, Steven Halse and Melissa Halse, filed their complaint on September 24, 1998. They originally sought compensatory damages, punitive damages, injunctive relief, costs, and attorney's fees pursuant to 42 U.S.C. § 1983, the provisions of the Clean Water Act, 33 U.S.C. §§ 1251 et. seq., and N.Y. Envtl. Conserv. Law §§ 17–0301 et. seq. and §§ 17–801 et. seq. (McKinney 1999). Specifically, plaintiffs allege that the defendants negligently caused salt stored for highway purposes to run off onto their property and contaminate their water wells. The defendants deny all of the material allegations in the complaint.

### II. *TRIAL*

A one day bifurcated bench trial on the issue of liability only was conducted on November 22, 1999, in Albany, New York. The plaintiffs withdrew their claim for injunctive relief, punitive damages, and any claims against the individual defendants. (Tr. at 5–6.) The Town of Clifton Park ("Town") is the only remaining defendant.

The plaintiff Steven H. Halse testified in his own behalf. Dr. Eric Eslinger testified as an expert witness for the plaintiffs. Louis W. Gerard, the Town Superintendent of Highways testified for the defendant. Dr. Samuel W. Gowan testified as an expert witness on behalf of the defendant. In addition to the exhibits received in evidence, the parties filed proposed Findings of Fact and Conclusions of Law on February 4, 2000.

Based upon all of the evidence and the credibility of the witnesses, the following Findings of Fact and Conclusions of Law are made pursuant to Fed.R.Civ.P. 52.

## III. *FINDINGS OF FACT*

In 1995, the plaintiffs constructed a private home at 630 Clifton Park Center Road in the Town of Clifton Park, New York. *Id.* at 13. The construction was made pursuant to a building permit issued by the Town. *Id.* After completion, the plaintiffs applied for a Certificate of Occupancy which was issued on October 3, 1995. *Id.* at 14. The private home is located on the south side of Clifton Park Center Road. (Ex. P–2.) Property owned by the Town and used as part of its Highway Department is located on the north side of the roadway. *Id.* At the time, the property included a storage shed for salt which was used for roadway maintenance during the winter months. (Tr. at 103.)

In obtaining the Certificate of Occupancy, the plaintiffs submitted proof of adequate well water. *Id.* at 13–14. Upon moving into the property in early 1996, the plaintiffs drew water from what is designated as Well No. 1 on Plaintiff's Exhibit No. 2. The plaintiffs used the water from that well until the summer of 1997, *Id.* at 19, when because of problems including coloration and taste, *Id.* at 20, well No. 1 was deepened from 62 feet to approximately 280 feet. *Id.* at 22. However, there was no improvement in the quantity or quality of the water drawn from Well No 1. *Id.* at 23. During this time, observations were made of water coming onto the plaintiffs' property from the roadway which ponded or pooled on the ground surface. *Id.* at 29, Ex. P–15. Mr. Halse made complaints to Mr. Gerard about the problem with his well water, but he received no satisfaction. (Tr. at 29–31.)

Thereafter, the plaintiffs drilled Well No. 2, (*see* Ex. P–2), which was also to a depth of 62 feet. (Tr. at 32.) However, again, there was no improvement in either the quantity or quality of the water. *Id.* at 34. Further meetings with Town officials gave the plaintiffs no satisfaction. *Id.* at 34–35. Eventually the plaintiffs were permitted to connect to a municipal water system, so remediation or an injunction is no longer an issue. *Id.* at 38.

The salt storage shed located on the Town property had been situated in the same spot for over twenty years. *Id.* at 103. Salt was always stored in the shed and not outside. *Id.* The grade from the salt storage shed has remained the same for over twenty years, and runs generally in a westerly direction toward a culvert under the Vischer Ferry Road. *Id.* at 104, Ex. D–7.

The plaintiffs' expert, Dr. Eric Eslinger, testified that in his opinion, the salt from the Town storage shed flowed in a generally southerly direction over the Clifton Park Center Road and onto the plaintiffs' property and then seeped into both Wells No. 1 and 2. (Ex. P–17.) Defendant's expert, Dr. Samuel W. Gowan, testified to the contrary, that in his opinion, the salt run-off, if any, from the storage shed would have flowed in a westerly direction toward the Vischer Ferry Road, and would not have been a cause of contamination to the plaintiffs' wells. (Tr. at 146, Ex. D–7.)

Upon a review of the testimony and reports of both experts, a finding of fact is made that the run-off, if any, of salt from the Town storage shed did not cause the condition which contaminated the two wells on the plaintiffs' property.

## IV. *CONCLUSION OF LAW*

The plaintiffs must prove by a preponderance of evidence that the Town negligently stored road salt which was allowed to run-off its property and flow across or under Clifton Park Center Road and contaminate the two wells on the plaintiffs' property. *Integrated Waste Services, Inc. v. Akzo Nobel Salt, Inc.,* 113 F.3d 296, 299 (2d Cir.1997). The plaintiffs have failed to meet this burden. At best, the evidence is inconclusive as to the source of the contamination of plaintiffs' wells, with each qualified expert giving different opinions. If the scales fail to tip in the plaintiffs' favor, the defendant would be entitled to a verdict dismissing the complaint. More-

over, the testimony of the defense expert is more persuasive.

Dr. Eslinger's testimony, (Tr. at 53–94), and report, (Ex. P–17), regarding the source of any contamination to the Halse wells as coming from the salt storage sheds is based upon the description given to him by Mr. Halse and his own visual observations. (Tr. at 78, 80.) However, Dr. Eslinger made no specific measurements as to the slope from the salt storage shed, and he conceded that at the present time the slope runs in a generally south southwesterly direction over the Town parking lot and toward Vischer Ferry Road which would be away from the plaintiffs' property. *Id.* at 80–81.

On the other hand, Dr. Gowan not only obtained water samples from the Halse wells, but also measured water levels and engaged in a level survey from the salt storage shed. *Id.* at 131. It was his opinion that the flow would be in a west to northwest direction toward the Town Hall, and eventually enter a culvert under Vischer Ferry Road and drain into a tributary of Stony Creek. *Id.* 132–133, Exs. D–7 and D–8. His report and testimony is more persuasive than the report and testimony of Dr. Eslinger which contains no actual measurements of water flow direction.

The plaintiffs have failed to prove by a preponderance of evidence that any elevated levels of sodium chloride in the their wells was caused by the negligence of the defendants. Even assuming that the defendants were negligent in allowing salt to run off the Town property from the storage shed, the plaintiffs have further failed to prove by a preponderance of the evidence that this run-off was directed to their property, thereby causing pollution of the aquifer from which the plaintiffs drew their well water.

The defendants are not liable under 42 U.S.C. § 1983, the Clean Water Act, or the Environmental Conservation Law. The complaint must be dismissed. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987).

Therefore, it is

ORDERED, that the complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.